IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michelle Barnes, )
)
    Plaintiff, ) Case No. 1:12-CV-529
)
vs. )
)
Commissioner of Social Security, )
)
    Defendant. )

O R D E R

This matter is before the Court on Magistrate Judge Litkovitz's Report and Recommendation of June 13, 2013 (Doc. No. 21) and Plaintiff Michelle Barnes's objections to the Report and Recommendation. Doc. No. 23. In her Report and Recommendation, Judge Litkovitz concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled under the Social Security regulations was supported by substantial evidence. Judge Litkovitz, therefore, recommended that the ALJ's decision be affirmed and this case be closed on the docket of the Court. For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ is **AFFIRMED**.

I. Background

Plaintiff Michelle Barnes filed applications for Disability Insurance Benefits and Supplemental Security Income based on impairments of diabetes, hypertension, asthma, depression, and heart problems. Plaintiff's applications were denied initially and upon reconsideration. She requested and received an evidentiary hearing before

an ALJ. The ALJ issued a written decision finding that Plaintiff has the residual functional capacity ("RFC") to perform a limited range of sedentary work and that there are a significant number of jobs in the national economy that she can perform. The ALJ determined, therefore, that Plaintiff is not disabled under the Social Security regulations and not entitled to receive disability benefits.

The Appeals Council denied Plaintiff's request to review the ALJ's decision, making that the final decision of the Commissioner. Plaintiff filed a timely complaint for judicial review of the ALJ's decision. Plaintiff advanced three assignments of error in her complaint, but in her objections to the Report and Recommendation the only issue before the Court now is the weight the ALJ gave to the opinion of her treating orthopedist, Dr. Errol Stern.[1]

Dr. Stern treated Plaintiff for back and knee problems. The record contains two statements or opinions from Dr. Stern on Plaintiff's RFC. In his first statement, dated June 17, 2010 (Tr. 744), Dr. Stern indicated that Plaintiff can stand for 1 hour in an 8

---

[1] Plaintiff's objections also discuss the ALJ's alleged failure to discuss or evaluate the effect of her obesity on her ability to breath and contends that the combined effect of these two impairments imposes greater functional limitations on her ability to work than found by the ALJ. In support of this argument, Plaintiff cites two medical studies reporting on the exacerbating effects of obesity on osteoarthritis and the respiratory system. These medical studies, however, are not properly before the Court since Plaintiff apparently did not submit them to the ALJ, nor did she proffer them for the Magistrate Judge's consideration in preparing her Report and Recommendation. In any event, the ALJ's written decision extensively discusses both Plaintiff's obesity and her ability to breathe, particularly in the context of her asthma. As the ALJ observed, none of the medical evidence supports a finding of a severe respiratory illness, and Plaintiff's asthma seems to be well-controlled with an inhaler and nebulizers. Tr. 29-30. Moreover, as the ALJ noted, he took Plaintiff's breathing difficulties into consideration by limiting her to sedentary work. Tr. 30. Therefore, this objection - to the extent it is one - is not well-taken.

2

hour day and for 15 minutes without interruption.  He stated further that Plaintiff can sit for 4 to 6 hours in an 8 hour day and for 1 hour without interruption.  Dr. Stern indicated that Plaintiff can lift 5 pounds frequently and 10 pounds occasionally.  Finally, Dr. Stern stated that Plaintiff is moderately limited in pushing, pulling and reaching, markedly limited in bending, but not significantly limited in handling, repetitive foot movements, seeing, hearing, or speaking.  Id.  This RFC is substantially equivalent to the regulation defining the sedentary level of exertion.  See SSR 83-10.[2]  Indeed, in his office note dated the same day, Dr. Stern wrote: "I filled out a papers [sic] on what I think she can do which is limited to light sedentary work."  Tr. 743.

Just a week later, however, Dr. Stern completed a Physical Residual Functional Capacity Questionnaire which gave a far bleaker opinion of Plaintiff's RFC.  Tr. 911-916.  Dr. Stern indicated that Plaintiff can only sit for 30 minutes at time and that she can only stand for 15 minutes at time.  Dr. Stern then indicated that Plaintiff can only sit

---

[2]  SSR 83-10 states:

The regulations define sedentary work as involving lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although sitting is involved, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  By its very nature, work performed primarily in a seated position entails no significant stooping.  Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.

"Occasionally"" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

3

for a total of about 2 hours in an 8 hour day and that she can only stand or walk for less than 2 hours in an 8 hour day. Tr. 914. Dr. Stern stated that Plaintiff would need "many" unscheduled breaks during the work day and that she would need at least 15 minutes of rest before returning to work. Dr. Stern stated that Plaintiff would need to keep her legs elevated waist high for at least 50% of the time during an 8 hour work day. Id. Dr. Stern stated that Plaintiff would need a cane or other assistive device while standing or walking. Dr. Stern indicated that Plaintiff could only rarely lift less than 10 pounds. He also stated that Plaintiff would miss more than four days of work per month. Id. For clinical findings and objective signs supporting these opinions, Dr. Stern cited only "+ X ray Findings." Tr. 912. The vocational expert testified that if the ALJ adopted this RFC, there would be no jobs that Plaintiff can perform. Tr. 1041-1042.

     As stated, the ALJ determined that Plaintiff has the physical RFC to perform a limited range of sedentary work. According to this RFC, Plaintiff can occasionally stoop reach overhead, and climb ramps, but never crouch, crawl, kneel or climb ladders, ropes, or scaffolds. Additionally, Plaintiff can never work around hazardous machinery and needs to work in an environment without temperature extremes or pulmonary irritants. Finally, Plaintiff can perform unskilled, simple repetitive tasks, with no production requirements and can only have occasional interaction with supervisors, co-workers, and the public. Tr. 26. The vocational expert testified that with this RFC, Plaintiff can perform such jobs as bench assembler, hand packer and sedentary inspector, and, furthermore, that these jobs exist in significant numbers in the national economy. Tr. 1041.

In arriving at Plaintiff's physical RFC, in the ALJ gave "great weight" to the opinion of the state agency medical consultant, Dr. Hinzman, and "less weight" to Dr. Stern's opinions. Tr. 32.  Assessing Dr. Stern's opinion, the ALJ wrote:

> Dr. Stern opined that the claimant should be limited to sedentary work activity. While Dr. Stern's conclusion was generally consistent with the findings in this decision, his extreme sitting, standing, and walking restrictions simply are not supported by the record. For example, he claimed that the claimant could sit approximately two hours in an eight-hour workday. However, the extent of degenerative changes in the claimant's knees does not support such a limitation. Similarly, benign diagnostic and clinical findings, as well as the minimal level of treatment she receives for lumbar spine degeneration are not indicative of such extreme exertional limitations. The level of restriction on standing/walking presupposed the claimant is partially bedridden, which is not the case.

Tr. 32 (internal record citations omitted).

Plaintiff's Statement of Specific Errors argued that Dr. Stern's opinions were entitled to controlling weight because they were well-supported and consistent with the rest of the medical evidence. Plaintiff, therefore, argued that the ALJ's decision should be reversed and the case remanded with instructions to award her benefits. Magistrate Judge Litkovitz concluded, however, that the weight the ALJ gave to Dr. Stern's opinions was supported by substantial evidence. Judge Litkovitz noted that Dr. Stern cited positive x-rays as clinical support for his opinions but that the x-ray reports themselves consistently noted only mild degenerative arthritis in Plaintiff's knees. Judge Litkovitz also cited office treatment notes indicating that Plaintiff responded well to injections to relieve pain in her knees. Finally, Judge Litkovitz cited the absence of support for the limitations Dr. Stern placed on Plaintiff's ability to stand, walk, and sit. Judge Litkovitz noted that while Plaintiff had some degenerative disc disease and a possible disc herniation at L3/L4, she generally had normal physical examinations and

that conservative treatment relieved substantially all of her back pain.  Judge Litkovitz determined, therefore, that the weight the ALJ gave to Dr. Stern's opinions was supported by substantial evidence.  Consequently, Judge Litkovitz recommended that the ALJ's decision be affirmed and the case closed on the docket of the Court.

Plaintiff filed timely objections to the Report and Recommendation which are now ready for disposition.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ.  See 42 U.S.C. § 405(g).  The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision.  "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion."  LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted).  The evidence must do more than create a suspicion of the existence of the fact to be established.  Id.  Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury.  Id.  If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence.  Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981).  The district court reviews de novo a magistrate judge's report and recommendation regarding social security benefits claims.  Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

III. Analysis

Plaintiff argues that both the ALJ and Magistrate Judge Litkovitz erred in assessing the weight that should be given Dr. Stern's opinions. She argues that Dr. Stern's opinions were supported by his findings on physical examination, such as significant swelling and tenderness about her patella, patellofemoral crepitance, and reduced strength in both lower extremities. She also argues that both the Magistrate Judge and the ALJ erred by focusing only on imaging studies of her left knee and claims that other imaging studies support Dr. Stern's opinions. Plaintiff also contends that Dr. Stern's limitations on her ability sit, stand, and walk were supported by the reports of her physical therapist, which showed pain, decreased range of motion, and limited stamina. She also notes that another physician stated that she would eventually need left knee replacement surgery. The Court finds, however, that Magistrate Judge's Litkovitz's analysis of Dr. Stern's opinions was correct and that the ALJ's decision not to give controlling weight to his opinions was supported by substantial evidence.

Under the "treating physician rule," the opinion of a claimant's treating physician is accorded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record[.]" Rogers v. Commissioner of Social Sec., 486 F.3d 234, 242 (6th Cir. 2007). If the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. Id. There is a rebuttable presumption that the opinion of a

7

treating physician is entitled to great deference, its non-controlling status notwithstanding. Id. (citing Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *4 ("In many cases, a treating physician's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.")). The Court finds that Dr. Stern's opinions were not entitled to controlling weight and that the weight the ALJ assigned to his opinions was supported by substantial evidence.

The primary opinion at issue is Dr. Stern's June 22, 2010 opinion which essentially limited Plaintiff to about an hour a day of sitting, walking and standing, and stated that she would need to elevate her legs at the waist 50% of the time. This opinion is not only inconsistent with much if not all of the medical evidence, it is contradicted by the opinion he authored just a week earlier indicating that Plaintiff is capable of performing work at the sedentary level of exertion as well as his own office treatment note stating the same thing. Moreover, there is nothing in Dr. Stern's treatment notes indicating that Plaintiff needs assistive devices for walking and standing or that she needs to keep her legs elevated for a substantial portion of the day. As Judge Litkovitz noted, office treatment notes consistently reported that Plaintiff had normal strength in her lower extremities and that she ambulated with a normal gait. Tr. 807, 820-844.

Plaintiff contends erroneously that Magistrate Judge Litkovitz focused only on x-rays and imaging studies of her left knee and ignored other imaging studies. In fact, the imaging studies Judge Litkovitz cited were of both knees and she accurately stated that these studies showed only mild degenerative arthritis. Tr. 395, 747. Judge Litkovitz cited another imaging study which confirmed patello degenerative arthritis but she

correctly stated that this study did not report the severity of the condition. Tr. 957. Plaintiff cites only two other imaging studies which supposedly support Dr. Stern's opinion. Tr. 748, 434-435. The first study (Tr. 748), however, like the others noted by Judge Litkovitz, reports only mild degenerative arthritis. The second imaging study (Tr. 434-435) was of Plaintiff's calves but she fails to connect the conditions reported about her calves (effusions and Baker's cysts) with the severity of the arthritis in her knees.

In short, there was ample support for the ALJ's decision not to give controlling weigh to Dr. Stern's opinions.

## Conclusion

In conclusion, Plaintiff's objections to the Magistrate Judge's Report and Recommendation are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ is **AFFIRMED.** This case is closed.

**IT IS SO ORDERED**

Date July 31, 2013                               s/Sandra S. Beckwith
                                                  Sandra S. Beckwith
                                           Senior United States District Judge